8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
MICHAEL CHERRY, Defendant-Appellant.
 No. 90-5544.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 10, 1993.
Decided: October 19, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Bill D. Burlison, Crofton, Maryland, for Appellant.
 Breckinridge L. Willcox, United States Attorney, Geoffrey R. Garinther, Assistant United States Attorney, for Appellee.
 D.Md.
 AFFIRMED
 Before RUSSELL, WILKINSON, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Cherry appeals his conviction of unlawful use of a Postal Service key (18 U.S.C. § 1704) and the sentence imposed. He contends that tapes of his conversations with an informant were improperly admitted and that the district court erred in giving him a two level increase in offense level for obstruction of justice.* We affirm.
 
 
 2
 In the recorded conversations with the informant, Cherry talked about how he had taken a Postal Service key which gave him access to numerous collection boxes, used it to steal from the mail and previously lent it to the informant so that she could also steal from the mail during the time she was employed by the Postal Service. Cherry unsuccessfully attempted to suppress the tapes, arguing that significant portions were inaudible, that the transcripts provided to the jury included transcriptions of portions of the tapes which were actually inaudible, and that the tapes contained prejudicial evidence of other crimes. He renews these arguments on appeal. A review of the tapes reveals that all of the Defendant's statements on which the government relied to prove its case are audible, that the transcripts are accurate in all material respects, and that the past criminal activities discussed by Cherry in the recorded conversations were, as the district court found, closely related to the current offense. Therefore, admission of the tapes was not an abuse of discretion.
 
 
 3
 Cherry also maintains that the two-level adjustment he received for obstruction of justice based on the district court's finding that he perjured himself in his trial testimony violates due process under the fifth, sixth and thirteenth amendments to the Constitution. Under the Supreme Court's recent decision in United States v. Dunnigan, 61 U.S.L.W. 4180 (U.S. 1993), an enhancement for obstruction of justice under guideline section 3C1.1, made when the district court finds that the defendant has committed perjury, does not impinge upon the defendant's right to testify. The thirteenth amendment is not implicated; Cherry was deprived of his liberty by virtue of his conviction and was sentenced within legislatively fixed limits.
 
 
 4
 We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual, § 3C1.1 (Nov. 1990)